94 F.3d 649
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Robert Gilmour SWAN, Plaintiff-Appellant,
v.
Louis A. STENDER, Warden, Defendant-Appellee.
 No. 96-1318.
 United States Court of Appeals, Eighth Circuit.
 Submitted July 26, 1996.
Filed Aug. 14, 1996.
 
 Before BOWMAN, BEAM, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert G. Swan was charged in Minnesota state court with twenty-six counts of criminal sexual conduct and numerous other offenses involving minors. After one-half day of trial, during which the first of seven juvenile victims testified, Swan pleaded guilty to seven counts of criminal sexual conduct and was sentenced to 107 months in prison. He did not appeal, but he subsequently filed three petitions for state post-conviction relief, each of which was considered and denied on the merits by the Minnesota courts. Swan then filed this petition for federal habeas corpus relief and now appeals the district court's[1] denial of that petition. We affirm.
 
 
 2
 On appeal, Swan first argues that his plea of guilty was unconstitutionally coerced by the prosecution's threat to prosecute and seek to revoke the license of Swan's wife, a doctor. The Minnesota Court of Appeals rejected this claim as contrary to Swan's testimony at his plea hearing. The district court determined that the record fairly supports the state court finding that Swan's guilty plea was voluntary.[2]
 
 
 3
 Swan next argues that he was the victim of an unconstitutional search and seizure that should avoid the bar of Stone v. Powell, 428 U.S. 465 (1976), because the state courts deprived him of a full and fair opportunity to litigate the issue. The district court concluded that this claim is barred by Stone v. Powell.
 
 
 4
 Swan next argues that the prosecution violated Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose an eve-of-trial statement by a co-defendant that he had never seen Swan sexually assault any juvenile. The district court concluded that this claim is procedurally barred because it was never presented to the state courts. Swan further accuses the prosecutor of misconduct in opening argument--commenting on Swan's right "to make these children testify." The Minnesota courts concluded that the prosecutor's opening statement was not improper, and the district court agreed.
 
 
 5
 Finally, Swan argues that his trial counsel provided ineffective assistance because counsel told the court two weeks before trial that he was not ready for trial during argument on an unsuccessful motion for continuance; because counsel failed to maintain essential pretrial communications with Swan, who was jailed before trial for tampering with witnesses; and because counsel did not adequately explain the consequences of pleading guilty and the applicable Minnesota sentencing guidelines. The state courts concluded that Swan failed to show that, but for counsel's errors, he would not have pleaded guilty, and the district court agreed.
 
 
 6
 After careful review of the state court and district court records, we affirm for the reasons stated in Magistrate Judge Lebedoff's Report and Recommendation dated June 23, 1995. See 8th Cir. Rule 47B.
 
 
 
 [1]
 The HONORABLE DAVID S. DOTY, United States District Judge for the District of Minnesota, who adopted the Report and Recommendation of the HONORABLE JONATHAN LEBEDOFF, United States Magistrate Judge for the District of Minnesota
 
 
 [2]
 This determination entitles a state court finding of fact to the presumption of correctness under former 28 U.S.C. § 2254(d)(8). Particularly in light of the Supreme Court's recent decision in Thompson v. Keohane, 116 S.Ct. 457 (1995), there remains the question whether the voluntariness of a guilty plea is a mixed question of fact and law that must be reviewed de novo by the federal habeas court. We are satisfied that the question whether a guilty plea was voluntary, unlike the question whether a confession was voluntary, is entitled to the presumption of correctness because of the state trial court's ability to judge the defendant's credibility and demeanor at the plea hearing. See Id. at 465. However, we have also reviewed this issue de novo and conclude that Swan's guilty plea was not involuntary